FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2011 DEC 19 P 4: 09
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BREION VANZANDT, 3113426          *

Petitioner                        *

v.                                *    Civil Action Case No. JKB-11-3361

UNITED STATES OF AMERICA          *

Respondent                        *

## MEMORANDUM

Breion Vanzandt disputes a federal detainer lodged against him in this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts the federal government lacks jurisdiction to lodge the detainer and asks "that the federal detainer against him be dismissed and his case be sent back to the state." Petition, supplement, p. 12. For reasons to follow, the court will grant his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and dismiss the petition without requiring service on respondent.

This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. § 2254; *see also* Rule 1(b) of Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Recognizing that Vanzandt is a self-represented litigant, the court has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the petition to allege facts that set forth

a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Vanzandt states that he was arrested on or about February 11, 2011, and charged in state court with possession of a firearm.[1] *See id.* On August 31, 2011, he learned of the federal detainer he now disputes. Vandzandt asserts "the Federal Government lacked jurisdiction to transfer his case from state to federal because the only reason the state had his case transferred to the Feds is because of his past CDS charge which is not a disqualifying crime." Supplemental Petition, Attachment.

A federal detainer merely requests that state prison officials notify the U.S. Marshal of a prisoner's release date so that a deputy marshal may be present on that day to take custody of the prisoner. *See, e.g., McCain v. United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). Vanzandt provides no legal basis to show a lack of jurisdiction, nor do the facts alleged suggest any violation of the Interstate Agreement on Detainers. *See* 18 U.S.C. App. § 2, Art. III.[2]

Further, Vanzandt asserts there is insufficient evidence to charge him with a federal offense. Supplement to Petition, Attachment. For example, he posits that he never had constructive possession of the firearm or dominion over the area where the gun was found. *See id.*; *see also* Petition, Attachment, p. 2. Additionally, he contends federal charges against him violate the Double Jeopardy Clause of the Fifth Amendment. To the extent Vanzandt seeks dismissal of criminal charges, he cannot do so by way of petition for writ of habeas corpus,

---

[1] The Maryland Judiciary Case Search website shows charges against Vanzandt for illegal firearms possession, possession of a firearm by a convicted felon, and possession of marijuana were dismissed *nolle prosequi* in March of 2011 in the District Court for Baltimore City, Case No. 5B02107264. *See* http://casesearch.courts.state.md.us/inquiry.

[2] The Interstate Agreement on Detainers is a compact among the states, the District of Columbia, and the United States, that "creates uniform procedures for lodging and executing a detainer." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001).

2

which is a civil proceeding.

Accordingly, the court will dismiss the petition by separate order. A certificate of appealability will not issue because petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2).

_____12/19/11_____  
Date

/s/ James K. Bredar  
James K. Bredar  
United States District Judge

3